MICHAEL B. MILLER et al., Respondents, v. NATHAN KLUGER, Appellant, et al., Defendants.— In an action in which the complaint pleads four causes of action: (1) for an injunction, (2) to recover damages for tortious interference with plaintiffs' contractual rights, (3) for a declaratory judgment, and (4) to recover damages for breach of contract, the defendant Kluger appeals from so much of an order of the Supreme Court, Westchester County, made on reargument, entered November 10, 1959, as denied his motion (a) for summary judgment dismissing the second cause of action, and (b) to vacate, as to him, the plaintiffs' notice, dated August 5, 1959, to examine all the defendants before trial. Order, insofar as it directs defendant Kluger to submit to examination with respect to the relevant and material allegations

of fact put in issue by the pleadings and to produce certain books and records, modified by adding two provisions: (1) a provision to the effect that such examination and such production shall be confined to the six-month period, May 1, 1959 to October 30, 1959; and (2) a provision that such examination shall proceed on a date mutually agreed upon by the parties or, in the absence of such agreement, on a date fixed by plaintiffs in a notice which shall be served at least 20 days prior to the date fixed. As so modified the order, insofar as appealed from, is affirmed, without costs. On May 1, 1959, the permissive employment expired under the contract of modification. It appears from appellant's brief, without dispute, that on October 30, 1959, the defendant Carl Kaplan terminated his employment with the Ramapo Manor Nursing Center. Hence, the only relevant period is the one between these respective dates, and an examination with respect to the activities of the parties on any prior or subsequent date is neither material nor necessary. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ. concur.